Filed 12/11/13  P. v. Pierce CA2/7

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B249359 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA378574) |
| v. | |
| WILLIAM FRANK PIERCE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James R. Brandlin and Charlaine F. Olmedo, Judges.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

After the police arrested defendant William Frank Pierce for firing three shots at a car in which Geneva Mason and her infant son were sitting, the District Attorney charged Pierce in a third amended information with two counts of attempted willful, deliberate, and premeditated murder (Pen. Code, §§ 187, subd. (a), 664; counts 1 and 3),[1] two counts of assault with a firearm (§ 245, subd. (a)(2); counts 4 and 5), and one count of possession of a firearm by a felon (§ 12021, subd (a)(1); count 2).  The amended information specially alleged as to counts 1 and 3 that Pierce had personally used and discharged a firearm (§§ 12022.53, subds. (b) and (c)), and as to counts 1 and 5 that Pierce personally used a firearm (§ 12022.5, subd. (a)).  The information alleged as to counts 1 and 3 that Pierce had suffered a prior serious felony conviction (§ 667, subd. (a)(1)), and as to counts 1, 2, and 3 that Pierce had suffered a prior conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12), for which he served one separate prison term (§ 667.5, subd. (b)).  Represented by counsel, Pierce pleaded not guilty to the charges and denied the special allegations.

On the morning jury trial was scheduled to commence, Pierce, in exchange for a sentence of 26 years, 4 months, agreed to enter into a negotiated plea of guilty to two counts of assault with a firearm, as charged in counts 4 and 5, with admission of the special allegations that he had personally used a firearm to commit the offenses and had previously suffered a conviction for robbery as a prior strike and a prior serious felony conviction.  The prosecutor advised Pierce of his constitutional rights and the consequences of his plea.  Pierce waived his constitutional rights and acknowledged that he understood the consequences of his plea.  Counsel for Pierce stipulated to a factual basis for the plea.  The trial court found that Pierce had knowingly, voluntarily, and intelligently waived his constitutional rights, and entered his guilty plea.

---

[1]     All further statutory references are to the Penal Code.

At the sentencing hearing before a different judge, the court sentenced Pierce in accordance with the plea agreement to an aggregate state prison term of 26 years, 4 months, consisting of a term of eight years (double the four-year upper term under the three strikes law) on count 4, plus the upper term of 10 years for the firearm-use enhancement; and a term of two years (double the one-third middle term) on count 5, plus one year, four months (double the one-third middle term) for the firearm-use enhancement; plus five years for the prior serious felony enhancement. The court also amended the information so that it would be consistent with the plea agreement by alleging that the firearm use enhancement under section 12022.5, subdivision (a), apply to counts 1 *through* 5, and that the prior serious felony and prison term enhancements apply to counts 4 and 5 as well as counts 1 through 3. The court ordered Pierce to pay on each count a $40 court operations assessment and a $30 criminal conviction assessment. The court imposed a $240 restitution fine and imposed and suspended a $240 parole revocation fine. The court awarded Pierce a total of 1,028 days of presentence custody credit (893 actual days and 135 days of conduct credit). The court dismissed the remaining counts and special allegations on the People's motion.

We granted Pierce relief from default for failure to file a timely notice of appeal. In his notice of appeal, Pierce checked the boxes indicating his appeal was "based on the sentence or other matters occurring after the plea" and challenged "the validity of the plea or admission." He also checked the box marked "Other" and asserted his counsel provided ineffective assistance. The trial court granted Pierce's request for a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent Pierce on appeal. After an examination of the record, counsel filed an opening brief raising no issues. On September 18, 2013 we advised Pierce that he had 30 days in which to personally submit any contentions or issues he wished us to consider. We have received no response to date.

The record does not support Pierce's suggestion in his application for relief from default that his plea was not knowing, voluntary, and intelligent. The record also fails to demonstrate that his attorney provided ineffective assistance at any time during the proceedings in the trial court. (See *Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674].) To the extent Pierce is contending that his attorney gave him bad advice about the length of his sentence, we cannot address this issue because it depends on matters outside the record on appeal and is more appropriately raised on habeas corpus. (See *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.) With respect to other potential sentencing or post-plea issues that do not in substance challenge the validity of the plea, we have examined the record and are satisfied Pierce's attorney on appeal has fully complied with the responsibilities of counsel and there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.

SEGAL, J.*

We concur:

WOODS, Acting P. J.                    ZELON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Pierce2

4